IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| PATRICIA A. EADDY )  | |
|     Plaintiff,         )  | |
|                        )  | |
| v.                     )  | Civil Action No. TMD 11-2307M |
|                        )  | |
|                        )  | |
| MICHAEL J. ASTRUE,     )  | |
| Commissioner of Social Security, ) | |
|                        )  | |
|     Defendant.         )  | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Patricia Eaddy ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") that her widow's insurance benefits are subject to deduction because she also received a government pension under the Civil Retirement Service System ("CSRS"). See 42 U.S.C. §§ 402(k)(5)(A); 405(g). Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 15), Defendant's Motion for Summary Judgment (Def.'s Mot. Summ., ECF No. 16), and Plaintiff's Response (Pl.'s Resp., ECF No. 17). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

On January 31, 2008, the Social Security Administration ("SSA") gave Plaintiff notice that the agency planned to reduce her benefits as a widow because she had received an increase in her government pension. R. at 45-46. On request for reconsideration, that decision was

affirmed.  R. at 49-51, 53-54.  Plaintiff requested a hearing before an administrative law judge ("ALJ") which was held on August 12, 2009.  R. at 213-29.  In a decision dated September 23, 2009, the ALJ found that Plaintiff's widow's benefits were subject to reduction under the government pension offset provisions of the Social Security Act and that Plaintiff did not meet any of the exemptions.  R. at 27-32.   The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review.  R. at 4-9.

## II.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. §  405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence presented.  *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury.  *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence.  *Id*.

III. <u>Discussion</u>

Plaintiff worked as a government employee beginning on November 28, 1966 and continuing for various periods through May, 1989. R. at 44, 87-90. During her federal employment, she was enrolled in the Civil Service Retirement System ("CSRS"). R. at 183-86, 191. Plaintiff began to work for the Internal Revenue Service on August 27, 1979 as a Clerk Typist. R. at 89. In January, 1980, Plaintiff was terminated from her employment with the IRS. On January 28, 1987, the United States District Court for the District of Columbia ordered the IRS to reinstate Plaintiff with backpay, grade and step increases, adjust her sick and annual leave credits, provide her with twelve weeks of training and contributions to her retirement benefits. R. at 164-66.

In connection with the calculation of backpay, the IRS prepared a memorandum detailing Plaintiff's earnings from 1980 through 1987. That breakdown indicated the following annual totals:

| Year | Gross Wages | CS Retirement | % (calculated) | FICA | % (calculated) |
|---|---|---|---|---|---|
| 1980 | $10,227.60 | $715.96 | 7% | - | - |
| 1981 | $12,487.22 | $874.17 | 7% | - | - |
| 1982 | $13,157.95 | $920.79 | 6.9% | - | - |
| 1983 | $13,840.00 | $968.24 | 6.9% | - | - |
| 1984 | $15,834.54 | $1,100.39 | 6.9% | $190.00 | 1.2% |
| 1985 | $15,844.17 | $1,104.94 | 6.9% | $212.85 | 1.3% |

3

| | | | | | |
|---|---|---|---|---|---|
| 1986 | $16,755.44 | $1,164.06 | 6.9% | $224.46 | 1.3% |
| 1987 | $2,620.80 | $183.46 | 7.0% | $37.36 | 1.4% |
| Total | $100,767.72 | $7,032.01 | 6.98% | $664.67 | -- |

R. at 178-80. Plaintiff's final award totaled $100,007.47. R. at 93. Out of that award, $7,045.00 was paid to the Office of Personnel Management, $27,240.00 was deducted for federal income taxes, and $7,900.00 was deducted for District of Columbia income taxes, leaving the balance of $57,822.47 payable to Plaintiff. Deduction for FICA taxes was to be accomplished by a separate settlement. R. at 92.

Next, earnings records indicate that Plaintiff paid Social Security taxes between 1965 and 2008 on the following wages ONLY:

| Year | Wages | OASDI |
|---|---|---|
| 1965 | $100.80 | $3.00 |
| 1970 | $1,152,43 | $48.00 |
| 1975 | $9.40 | $0 |
| 1977 | $1,004.87 | $49.00 |
| 1978 | $147.41 | $7.00 |
| 1983 | $240.00 | $12.00 |
| 1985 | $284.00 | $16.00 |
| 1986 | $1,404.69 | $80.00 |
| 2008 | $369.00 | $22.00 |

R. at 83-84, 91.

Plaintiff retired from the federal government effective May 20, 1989 based on disability. R. at 191. At that time, her retirement plan was noted as "CSRS." *Id*. Upon retirement, Plaintiff received a government pension. R. at 44, 64-65, 203-04.

Upon the death of Plaintiff's husband on October 28, 1996, Plaintiff filed an application for widow's benefits and was found entitled to those benefits effective May 1999. R. at 30, 64-65, 203-04.. Based on this and under the Government offset provisions of the Social Security Act, the Administration reduced Plaintiff's widow's insurance benefits by 2/3 of the amount of her government pension. R. at 133-35, 203-05. The sole issue on this appeal is whether that offset was proper.

### A.   FICA/CSRS/FERS

The Federal Insurance Contributions Act ("FICA"), 26 U.S.C. §§ 3101-3128, imposes two taxes on wages from federal employment: an old-age, survivors, and disability insurance ("OASDI") tax; and (2) hospital insurance tax ("Medicare"). The rates for these taxes for years relevant to Plaintiff's claim were:

| Year | OASDI | Medicare |
| --- | --- | --- |
| 1984 | 5.7% | 1.3% |
| 1985 | 5.7% | 1.35% |
| 1986 | 5.7% | 1.45% |
| 1987 | 5.7% | 1.45% |
| 1988 | 6.06% | 1.45% |
| 1989 | 6.07% | 1.45% |

The Civil Service Retirement System was established in 1920 and covered most federal employees hired before 1984. CSRS employees contribute a percentage of their pay, which for periods between January 1, 1970 to December 31, 1998 was 7% and after completing a number of years of creditable service, are eligible for an annuity upon separation from service. 5 U.S.C. §§ 8333, 8334. It provided a retirement system that was independent of the Social Security System, and until 1984, CSRS-covered employees did not pay OASDI taxes. However, beginning January 1, 1983, CSRS federal employees were required to pay Medicare taxes even if they were not subject to OASDI. 26 U.S.C. § 3121(u)(1); 20 C.F.R. 404.1018b(b).

Effective January 1, 1984, all newly hired federal employees as well as most employees hired after a break in service of more than 365 days were required to pay OASDI taxes. Social Security Amendments of 1982, Pub. L. No. 98-21, 97 State. 65. In 1986, Congress created the Federal Employees' Retirement System ("FERS"), which was designed to work in conjunction with Social Security. Employees covered under FERS also participate in the Social Security Retirement System, paying OASDI taxes and receiving both the Social Security and FERS retirement benefits to which they may be entitled upon retirement. FERS became effective January 1, 1987 and with its establishment, most federal employees hired after December 31, 1983 were automatically enrolled in FERS and required to pay OASDI taxes.

When Congress created FERS, it also created the CSRS-Offset, which covers certain employees who had significant CSRS-covered employment followed by a break in service of more than one year. CSRS-Offset employees continue to make CSRS contributions to the

6

retirement fund, but those contributions are "offset" by the OASDI Social Security taxes. Upon retirement, the CSRS benefits are reduced by any eligible Social Security benefits.

      B.     <u>Government Pension Offset under the Social Security Act</u>

Monthly social security benefits received as a wife, husband, widow, widower, mother or father will be reduced each month the recipient receives a monthly pension from a federal, state, or local government agency for which the recipient was employed in work not covered by Social Security on the last day of such employment. 42 U.S.C. § 402(k)(5)(A); 20 C.F.R. §404.408a. For purposes of these provisions, federal government employees are not considered to be covered by Social Security if they are covered for Medicare but are not otherwise covered by Social Security. 20 C.F.R. § 404.408a(a). Under these provisions, monthly Social Security benefits are generally reduced by 2/3 the amount of a recipient's monthly government pension. 42 U.S.C. § 402(k)(5)(A); 20 C.F.R. § 404.408a(d).

There are two exceptions to the government pension offset provision that are relevant to Plaintiff's claim. Offset would not apply if the last day of her employment was covered under Social Security or if her federal employment was covered under Social Security. *See* POMS GN 02608.103. The Court finds that substantial evidence supports the ALJ's decision that neither of these exceptions apply and offset was appropriate.

      C.     <u>Plaintiff was a CSRS employee</u>

First, the Court finds that substantial evidence supports the ALJ's determination that Plaintiff was a CSRS employee during her entire federal employment. As mentioned above, CSRS employees contribute 7% of their gross wages into the retirement system. As

demonstrated *supra* page 3, 7% of Plaintiff's wages were indeed deducted as pension contributions from her wages. As a CSRS employee, she did not pay any OASDI taxes on her earnings from federal employment. This is confirmed by her earnings records which do not indicate any of her earnings as "Social Security" earnings or payment of OASDI taxes on any of her earnings from federal employment. R. at 83-84, 91, 194-96.[1] In addition, upon retirement, Plaintiff's Notice of Personal Action shows that she was enrolled in CSRS, not FERS, at that time. R. at 191, Box 30 noting CSRS retirement plan; *see also* R. at 44 (SSA development form from OPM to SSA indicating that 164 months of employment **not** covered by Social Security). In addition, OPM records unequivocally show that after Plaintiff's reinstatement, 7% was deducted from her earnings and paid to CSRS in 1987, 1988 and 1989. R. at 183, 186, Remarks Box. Also, as indicated above, of Plaintiff's $100,007 backpay award, $7,045 or 7% was deducted and paid to OPM on her behalf. R. at 93. This backpay award was intended to cover pay Plaintiff would have received from 1980 through 1987. Accordingly, this plus the evidence cited above show that Plaintiff was subject to the 7% deduction for her CSRS pension contribution from 1980 through 1989 for her years of federal employment but was not subject to OASDI taxes on her earnings from this employment. *See also* R. at 102, 188 (Leave and Earnings Statement from 1988 showing $847.75 of earnings to date of $12,111 (calculated as a

---

[1] As discussed above, Plaintiff worked as a government employee beginning on November 28, 1966 and continuing for various periods through May, 1989 at which time she retired based on disability. She was terminated in 1980 and reinstated in 1987. While Social Security records indicate minimal social security taxes for various years from 1965-2008, the Commissioner asserts that no Social Security taxes were paid on Plaintiff's *federal* employment. It is frankly unclear to the Court what these amounts represent as the Court sees no evidence of other non-federal employment in the record. Nevertheless, there is no dispute that no Social Security taxes were paid in years in which Plaintiff was indisputably employed as a federal employee (*e.g.* 1967-1969, 1971-1974, 1976, 1979).

6.99% deduction) for retirement); R. at 101, 189 (same); R. at 183 (OPM records showing 7% deduction paid to CSRS in 1988).  As the Commissioner also point out, Plaintiff's 1988 W-2 shows gross earnings of $13,812 of which 1.45 % were deducted for Medicare taxes and nothing for Social Security taxes.  R. at 119, Boxes 7, 22, 23).

The Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff retired under CSRS and did not pay OASDI taxes on her federal earnings.  She has not proven that she fits into any of the exceptions under which offset of her window's insurance benefits should not apply.

Plaintiff points to various other evidence in an attempt to demonstrate that she was covered under the CSRS offset provision.   Contrary to her argument that her unlawful termination precipitated the requisite 365 day break in service, Plaintiff was reinstated not rehired.  As OPM Handbook, §20A3.1-1H points out:

> When an employee's removal or suspension is held to have been improper and the separation is cancelled by administrative or judicial action, the person is considered for retirement purposes to have been employed in the service during the intervening period of erroneous separation or suspension.

This is precisely what happened in Plaintiff's case.  Her reinstatement, including full back pay, appropriate grade and step increases, restoration of leave and payment of retirement contributions effectively canceled any period of "separation."[2] R. at 164-66.  In addition, despite Plaintiff's argument to the contrary, the FICA taxes she paid after her reinstatement

---

[2] The Court has also reviewed the remainder of Plaintiff's arguments and finds them to be without merit.  While the

were for Medicare, **not** Social Security as they were calculated at 1.45% of income. R. at 188 ($12,111 income/$175 FICA taxes). With respect to her reinstatement, FICA taxes were also deducted at a rate of 1.45%. R. at 180. And as pointed out above, Plaintiff's 1988 W-2 shows gross earnings of $13,812 of which 1.45 % were deducted for Medicare taxes and nothing for Social Security taxes. R. at 119, Boxes 7, 22, 23).

The Court finds that substantial evidence supports the ALJ's decision that reduction was appropriate and Plaintiff's last day of work was not covered by Social Security.

## V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date: January 31, 2013　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　THOMAS M. DIGIROLAMO
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge


Copies to:
Marcia E. Anderson
PO Box 908
Mount Airy, MD 21771


Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692

---

Court does find the evidence to be somewhat confusing and indeed includes some mathematical errors, the evidence does not lead to the conclusion that Plaintiff is not subject to the CSRS offset provision.